LEWIS BRISBOIS BISGAARD & SMITH LLP
BRYAN M. LEIFER, SB# 265837
  E-Mail: Bryan.Leifer@lewisbrisbois.com
MICHAEL K GRIMALDI, SB# 280939
  Email: Michael.Grimaldi@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

KENNETH J. JOYCE, (admitted *pro hac vice*)
  E-Mail: Ken.Joyce@lewisbrisbois.com
STACY M. SCHWARTZ (admitted *pro hac vice*)
  E-Mail: Stacy.Schwartz@lewisbrisbois.com
NICHOLAS H. ESSER (admitted *pro hac vice*)
  E-Mail: Nicholas.Esser@lewisbrisbois.com
110 Southeast Sixth Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephoner 954-728-1280
Facsimile: 954-728-1282

Attorneys for DEFENDANT
CMB EXPORT LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HUI CAI, et al.<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>CMB EXPORT LLC,<br><br>　　　　Defendant. | Case No. 2:22-CV-02025 MWF (JPR)<br><br>**DEFENDANT CMB'S MOTION TO MODIFY SCHEDULING ORDER**<br><br>Date: April 8, 2024<br>Time: 10:00AM<br>Judge: Hon. Michael W. Fitzgerald<br>Crtrm.: 5A<br><br>Trial Date:　　　　Aug. 13, 2024<br><br>Filed with the Declaration of Nicholas Esser |

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on April 8, 2024, at 10:00 a.m. in Courtroom 5A of the United States District Court, located at 350 West First Street, Los Angeles, California, or as soon thereafter as the matter may be heard, Defendant CMB EXPORT LLC, will and does move this Court for an order modifying the Court's January 25, 2023 Scheduling Order [ECF 48], pursuant to Rule 16, subdivision (b)(4) of the Federal Rules of Civil Procedure and Local Rule 16-14.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 22, 2024.

Defendant brings this Motion as good cause exists on the grounds that it requires more time to complete discovery, conduct depositions, and potentially issue an expert report. This motion is supported by the Declaration of Nicholas Esser, the Memorandum of Points and Authorities, and all other pleadings filed in this case.

The following deadlines are requested to be modified as follows:

|    |                                  | **Current Date** | **Proposed Date** |
|----|----------------------------------|------------------|-------------------|
| 1. | Non-expert Discovery Cut-off     | April 5, 2024    | August 5, 2024    |
| 2. | Expert Disclosure (Initial)      | March 22, 2024   | Unchanged         |
| 3. | Expert Disclosure (Rebuttal)     | April 12, 2024   | August 12, 2024   |
| 4. | Expert Discovery Cut-off         | May 3, 2024      | September 2, 2024 |
| 5. | Last Day to Hear Motions         | May 6, 2024      | September 6, 2024 |
| 6. | Last Day to Conduct ADR          | May 24, 2024     | September 27, 2024|
| 7. | File Memorandum of Contentions   | July 1, 2024     | November 1, 2024  |



|   |   |   |   |
|---|---|---|---|
|   | of Fact and Law, Exhibit and Witness Lists, Status Report regarding Disputed Instructions and Verdict Forms, and file oppositions |   |   |
| 8. | Lodge Pretrial Conference Order, File agreed set of Jury Instructions and Verdict forms, file statement regarding Disputed Instructions and Verdict Forms, and file oppositions | July 8, 2024 | November 8, 2024 |
| 9. | Final Pretrial Conference and Hearing on Motions in Limine | July 22, 2024 at 11 a.m. | December 2024 |
| 10. | Trial Date (Est. 10 to 14 days) | August 13, 2024 at 8:30 a.m. | January 2025 |

DATE: March 11, 2024

MICHAEL K GRIMALDI
KENNETH J. JOYCE
STACY M. SCHWARTZ
NICHOLAS H. ESSER
LEWIS BRISBOIS BISGAARD & SMITH LLP


By: *s/Nicholas H. Esser*
    NICHOLAS H. ESSER
    Attorneys for CMB EXPORT LLC, DEFENDANT



# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.  PROCEDURAL HISTORY AND RELEVANT FACTS ................................ 2

III. DISCOVERY AND SCHEDULING ORDERS MAY BE MODIFIED UPON A SHOWING OF GOOD CAUSE. ...................................................... 4

IV.  THE COURT SHOULD MODIFY THE CURRENT SCHEDULING ORDER .................................................................................................................. 4

   A. Plaintiffs seek to add punitive damages and written discovery is ongoing. ........................................................................................................ 6

   B. Plaintiffs have not provided any discovery responses regarding their claimed damages. ................................................................................ 7

   C. There are Serious Questions as to the Existence of CAFA Jurisdiction and CMB Is Entitled to Discovery as to the Issue of Damages. ....................................................................................................... 8

   D. Plaintiffs refuse to timely coordinate deposition dates. ......................... 9

   E. Plaintiffs refuse to coordinate more than ten depositions. .................. 10

V.   CONCLUSION ................................................................................................ 11



# TABLE OF AUTHORITIES

Page

**Cases**

*Branch Banking and Trust Co. v. D.M.S.I., LLC*,
   871 F.3d 751 (9th Cir. 2017) .................................................................................. 4

*City of Pomona v. SQM N. Am. Corp.*,
   866 F.3d 1060 (9th Cir. 2017) ................................................................................ 5

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*,
   498 F.3d 1059 (9th Cir. 2007) ................................................................................ 4

*C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*,
   654 F.3d 975 (9th Cir. 2011) .................................................................................. 4

*Gonzales v. CarMax Auto Superstores, LLC*,
   840 F.3d 644 (9th Cir. 2016) .................................................................................. 8

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) ................................................................................................. 8

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) ............................................................................................... 8

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ............................................................................................... 4

*Nuance Commc'ns, Inc. v. Abby Software House*,
   626 F.3d 1222 (Fed, Cir. 2010) .............................................................................. 9

*Sarkar v. Garland*,
   39 F.4th 611 (9th Cir. 2022) ................................................................................... 4

*Zivkovic v. S. Cal. Edison Co.*,
   302 F.3d 1080 (9th Cir. 2002) ................................................................................ 4

**Statutes**

28 U.S.C. § 1332(d)(2) ................................................................................................. 9

28 U.S.C. § 1332(d)(6), (d)(1)(D) ................................................................................ 8

CAFA ............................................................................................................................ 8



**Other Authorities**

Fed. R. Civ. P. 1 ................................................................................................................ 4

Fed. R. Civ. P. 16(b)(4) .................................................................................................. 2, 4

Fed. R. Civ. Proc. R. 30(a)(2) ..................................................................................... 3, 4 10

L.R. 7-3 ............................................................................................................................ 2

Local Rule 16-14 .............................................................................................................. 2

Report. ECF 45 ................................................................................................................. 6

Rule 16 ............................................................................................................................. 4

Rule 26 ............................................................................................................................. 6

U.S. Const. art. III, § 2, cl. 1 ............................................................................................. 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case involves a dispute between ninety-three foreign investors who joined a limited partnership (non-party CMB Infrastructure Investment Group VII, L.P. "Group VII") with General Partner CMB EXPORT LLC ("CMB" or "Defendant") to participate in the federal government's EB-5 Immigrant Investor Program. Group VII pooled each of the limited partners' required investment of $500,000 and loaned the funds to an infrastructure project — in this case, a first of its kind solar power plant. The investment was designed for the purpose of creating requisite American jobs under the EB-5 Program to permit each investor the right to obtain permanent legal U.S. residency.

The Plaintiffs, and the non-plaintiff investors, which currently total 178 limited partners, chose this investment over a decade ago with the primary purpose of obtaining their Green Card. All limited partners achieved that goal. However, the borrower, a partner in the solar power plant, has been unable to repay the Group VII Loan. Despite Plaintiffs' admission that CMB is not responsible for the borrower's inability to repay the Loan, the Plaintiffs claim they have been damaged by CMB, although they cannot articulate critical elements of their claims, including any damages they claim to have suffered aside from the $500,000 investment. That investment was required to be placed at risk under U.S. law, and Plaintiffs acknowledge that the risk of total loss of the investment was disclosed before joining Group VII.

Over the course of extremely expansive discovery — including ongoing rolling productions by Plaintiffs[1] and the Defendant, production of hundreds of thousands of pages of documents, and ongoing attempts to coordinate depositions — Plaintiffs so far have been unable to articulate the bases for their harm or alleged

---

[1] Plaintiffs most recent production was March 6, 2024 in connection with Requests for Production served on September 7, 2023.

damages. Although CMB inquired into the damages in both written discovery and depositions, Plaintiffs have "kicked the can" to their expert and other yet-to-be-deposed Plaintiffs, admitting they do not understand the bases for their claimed harms.

At the same time, and amidst numerous informational gaps in their productions, Plaintiffs now seek to amend the complaint for a *third* time (the second time after the amendment deadline) to add a prayer for punitive damages two years after the suit was filed. Further, Plaintiffs have represented they are unavailable for deposition until nearly the eve of close of discovery and are refusing to allow CMB to conduct more than ten depositions when there are 93 named Plaintiffs on the complaint.

Despite telephonic and electronic meet-and-confer attempts requesting a stipulation, Plaintiffs have refused to agree to modify the current Scheduling Order. CMB has been unfairly prejudiced by Plaintiffs' conduct, and the extensive nature of this action provides numerous bases constituting good cause for modification. On these grounds, CMB respectfully requests that the Court modify its Scheduling Order so that CMB may complete discovery.

## II. PROCEDURAL HISTORY AND RELEVANT FACTS

A group of the Plaintiffs in this case first served an arbitration demand asserting nine claims against CMB in May 2019. After Plaintiffs securities claims were dismissed by the arbitrator and after requests by Claimants to stay the arbitration, the proceeding was eventually dismissed in June 2020 because of Claimants' failure to pay arbitration dues. On March 28, 2022 — approximately one year and nine months after the arbitration dismissal — Plaintiffs filed this action. ECF 1. CMB filed a Motion to Dismiss the FAC on July 20, 2022. ECF 34. The Motion was granted without leave to amend as to the unjust enrichment claim and denied as to all other claims. *See* ECF 39 at 1.

Pursuant to the current Scheduling Order, the Non-expert Discovery Cut-off is April 5, 2024. ECF 48. Expert Disclosure (Initial) is March 22, 2024 and Rebuttal is April 12, 2024. *Id*. The Expert Discovery Cut-off is May 3, 3024. *Id*. Trial is set for

August 13, 2024 at 8:30 a.m. and is estimated to proceed for ten to fourteen days. *Id*. On March 4, 2024, Plaintiffs filed their Motion for Leave to file Third Amended Complaint which added punitive damages allegations. ECF 123.

CMB deposed several of the now ninety-three[2] Plaintiffs in January. Decl. of Nicholas H. Esser in Support of CMB EXPORT LLC's Motion to Modify Scheduling Order ("Esser Decl.") ¶ 2. On February 12, 2024, CMB notified Plaintiffs it was seeking to depose Plaintiffs Na Li, Hemang Patel, and Xue Dong Wu via Zoom. *Id.*, Ex. A. CMB proposed February 20, 21, 22, and 29, 2024. *Id*. Counsel for Plaintiffs responded two days later that the proposed dates would *not* work, and stated, "the weeks of March 11 and March 25 would work best." *Id*. On February 16, 2024, CMB informed Plaintiffs that these dates were unacceptable, due to ambiguities in the role each Plaintiff plays in the claims asserted arising from Plaintiffs' failures to provide complete information through prior discovery. *Id*. CMB further informed Plaintiffs of the prejudice that would arise from this month-long delay given CMB would be deprived of the ability to use information derived from the depositions for pending motions. *Id*. Plaintiffs' counsel responded that, he was unavailable and that Plaintiffs "have their own schedules," so "Plaintiffs will not agree to extend the remaining deadlines in this action." *Id*.

Following a telephonic meet and confer regarding scheduling on February 22, 2024, CMB's counsel sent an email to Plaintiffs' counsel proposing extensions to the Scheduling Order's deadlines. *Id* ¶ 3, Ex. C. Where mutually convenient, CMB reiterated its willingness to take depositions by Zoom. *Id*. On February 23, 2024, Plaintiffs' counsel responded, "Plaintiffs will not stipulate to amending the scheduling order." *Id*. Plaintiffs' counsel further posited that, in light of Fed. R. Civ. Proc. R. 30(a)(2)'s requirement that a party who wishes to depose more than ten witnesses gain leave of court, Plaintiffs would only inquire into the availability of "up to four specific

---

[2] This number of named plaintiffs has fluctuated with plaintiffs leaving and joining the suit.

plaintiffs[.]" *Id*.

## III. DISCOVERY AND SCHEDULING ORDERS MAY BE MODIFIED UPON A SHOWING OF GOOD CAUSE.

A district court has the inherent power to modify deadlines on its docket. *See Sarkar v. Garland*, 39 F.4th 611, 617 (9th Cir. 2022) (citing *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936)). This power is "incidental to the power inherent in every court to control the disposition of cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254*; see Dependable Highway Exp., Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066 (9th Cir. 2007). This discretion is in keeping with the district courts' mandate to construe and apply the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

A court exercises significant discretion when modifying a scheduling order. *See C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist*., 654 F.3d 975, 984 (9th Cir. 2011). Modifying a scheduling order requires a showing of "good cause." Fed. R. Civ. P. 16(b)(4). The good-cause inquiry "primarily considers the diligence of the party seeking the amendment." *Branch Banking and Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017). A party demonstrates good cause by showing that, even with the exercise of due diligence, they were unable to meet the timetable set forth in the order. *See Zivkovic v. S. Cal. Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002).

Here, CMB is being diligent in moving to modify the scheduling Order. This motion was filed shortly after Plaintiff's Motion for Leave to File a Third Amended Complaint adding new allegations of punitive damages. Moreover, CMB promptly conferred with opposing counsel to request a stipulation to modify the scheduling order, which was refused. Esser Decl. ¶ 5.

## IV. THE COURT SHOULD MODIFY THE CURRENT SCHEDULING ORDER.

The Ninth Circuit has instructed district courts to consider the following factors when deciding a Rule 16 motion to reopen discovery: "1) whether trial is imminent,

2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

Good cause exists to modify the current Scheduling Order. In particular, Plaintiffs' conduct and the expansive nature of written discovery in this action necessitates modification. This is now the second time Plaintiffs have sought to amend their complaint well after the Court's own deadline to amend pleadings. ECF No. 48 (December 11, 2023, last day to amend pleadings). Not only has the amendment deadline long passed, but the Plaintiffs filed their Second Amended Complaint on February 5, 2024 [ECF 104]. That amendment only arose after Plaintiffs sought to avoid a discovery order based on their admitted "inartful" pleading to include as damages "adverse tax consequences." To avoid the Magistrate Judge's ruling that Plaintiffs would be required to turn over the tax returns [ECF 79], Plaintiffs sought leave from the Court to remove the language [ECF 94]. At no time at the hearing on Plaintiffs' Motion to Review on January 29, 2024, did Plaintiffs inform the Court or CMB they would be seeking to add punitive damages [ECF 102]. Instead, within an hour after CMB filed its Answer and Affirmative Defenses to the Second Amended Complaint on February 20, 2024 [ECF 105], Plaintiffs sent an email seeking to confer on the Motion to Amend to add punitive damages. Esser Decl. ¶4. This conduct is inappropriate and has caused undue expense and time to CMB and this Court.

As a sign of further conduct to obstruct CMB's discovery efforts, after CMB deposed five Plaintiffs (none of whom could articulate their basis for damages and all having a different theory of the case), Plaintiffs amended their disclosures regarding damages. Plaintiffs served their Supplemental Disclosure on February 5, 2024. Esser Decl. ¶ 2. Plaintiffs' Supplemental Disclosure does not mention punitive damages and

1  contains additional theories of liability. This alone, plus the "promised" expert report
2  to be delivered to CMB on March 22 finally disclosing damages, mandates that the
3  Court extend the deadlines to permit CMB a reasonable opportunity to discover into
4  a topic that is an element of Claims One through Five.

5      Trial is set for August 13, 2024 (about five months away). The non-expert
6  discovery cutoff is less than a month away (April 5, 2024). ECF No. 48. CMB would
7  be highly prejudiced if the discovery order is not modified to allow further discovery
8  as to the basis for Plaintiffs' requested punitive-damages amendment. Specifically,
9  CMB would seek discovery and further depositions of plaintiffs and the putative class
10 representative plaintiffs as to the factual bases for Plaintiffs' punitive damages
11 requests. CMB has been diligent and had no notice or knowledge that Plaintiffs would
12 request punitive damages given that this is the first time Plaintiffs propose allegations
13 of punitive damages. No punitive-damages allegations were raised in any of
14 Plaintiffs' pleadings over the course of this litigation nor did Plaintiffs mention
15 punitive damages in their Rule 26 Report. ECF 45.

16     CMB's position is that Plaintiff's Motion to File a Third Amended Complaint
17 to add punitive damages is improper. But should that Motion be granted, CMB will
18 be severely prejudiced because it will be unable to obtain any fact discovery to defend
19 against punitive damages claims.

20     **A.   Plaintiffs seek to add punitive damages and written discovery is ongoing.**

21

22     Written discovery is still ongoing, including reviews of Plaintiffs' rolling
23 productions. Esser Decl. ¶6. Plaintiffs recently filed a motion seeking to amend their
24 Complaint for a third time to add a request for punitive damages. ECF 123. In short,
25 Plaintiffs base the proposed amendment on information ostensibly derived in the last
26 few months, purportedly including thousands of pages of information produced by
27 CMB. *Id*. CMB opposes Plaintiffs' request and will oppose Plaintiffs' motion. But if
28 Plaintiffs are allowed to amend, the Scheduling Order will certainly need to be reset

to allow for additional discovery. Esser Decl. ¶6.

This additional discovery arises against a backdrop of an incomplete and extended written-discovery process. *Id*. Plaintiffs have produced information via rolling productions. *Id*. Given the nature of their responses and rolling production, there are numerous gaps in information for each Plaintiff. *Id*. It is unclear whether the missing documents do not exist, have not yet been produced, or are being withheld. *Id*. These rolling productions have pushed CMB up against discovery deadlines as it waits for more complete information before deposing Plaintiffs.

CMB is attempting to complete its review in good faith and has expended considerable time and resources in its review. Due to the expansive nature of Plaintiff's requests and the sheer volume of documents, however, CMB has already produced *over one hundred thousand pages of discovery*. *Id*. The review is not yet complete.

Modifying the Scheduling Order will benefit Plaintiffs, despite their apparent opposition. Allowing both Parties the opportunity to complete written discovery — including allowing a full investigation of the bases for punitive damages (if Plaintiffs are allowed to amend) — constitutes good cause necessitating modification.

### B. Plaintiffs have not provided any discovery responses regarding their claimed damages.

Through written discovery and depositions, CMB has inquired about damages; however, Plaintiffs have failed to provide any responsive information regarding damages. Esser Decl. ¶7. Plaintiffs have not provided a damages model – they have not even provided categories of the damages they seek. *Id*. No deponent was able to provide any concept of how they were damaged or what damages they are claiming, stating that information can be derived from their accountant or expert. *Id*., Ex. D., "Damages Excerpts."

Yet, as it stands, expert disclosure is set for March 22, 2024, and the close of non-expert discovery is April 5, 2024. Esser Decl. ¶7. This leaves just over two weeks

for CMB's expert to prepare a rebuttal report. *Id*. Had CMB known that Plaintiffs intended to delay providing a basic formula and computations regarding damages, it would never have agreed to such a schedule. It is incomprehensible that a case can proceed for two years without the Defendant obtaining any notice of the Plaintiffs' damages.

There will be manifest prejudice to CMB if it has less than three weeks to rebut a damages report under these circumstances. Moreover, CMB's damages rebuttal expert is unavailable on a preplanned family vacation from March 22 through March 28, leaving CMB even less time. Esser Decl. ¶7. Given these delays in discovery and lack of information regarding a key facet of Plaintiffs' claims, there is good cause to modify the Scheduling Order to not unfairly prejudice CMB in its ability to obtain information held by Plaintiffs.

### C. There are Serious Questions as to the Existence of CAFA Jurisdiction and CMB Is Entitled to Discovery as to the Issue of Damages.

Given Plaintiffs' delay on damages discovery (including depositions and expert disclosures), CMB has been unable to obtain damages information to address the issue of the amount in controversy under CAFA.

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress, U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and have an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it, *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). To determine whether it has jurisdiction, the court must add up the value of the claims of all persons (named or unnamed) who fall within the definition of the "proposed class" and determine whether the resulting sum exceeds $5 million. 28 U.S.C. § 1332(d)(6), (d)(1)(D). The amount in controversy includes damages "(compensatory, punitive, or otherwise), and the costs of complying with an injunction, as well as attorneys' fees awarded under fee-shifting statutes or contract." *Gonzales v. CarMax Auto Superstores, LLC*, 840

F.3d 644, 648-649 (9th Cir. 2016). In the Ninth Circuit, "discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Nuance Commc'ns, Inc. v. Abby Software House*, 626 F.3d 1222, 1235 (Fed, Cir. 2010) (citing *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003)).

Here, Plaintiffs allege in the operative Second Amended Complaint, "The Court has diversity jurisdiction under 28 U.S.C. § 1332(d)(2) because this is a class action in which the amount in controversy exceeds $5,000,000, and many members of the class are citizens of states different than that of Defendants." (SAC ¶ 1) [ECF No. 104]. But Plaintiffs have provided zero evidence of damages to substantiate this allegation when the discovery cutoff is less than one month away. Nor is there any specified amount of damages sought in the Second Amended Complaint. Moreover, Plaintiffs have presented no damages model or method of calculating damages.

Given this Court's independent obligation to determine whether subject matter jurisdiction exists and given Plaintiffs have failed to provide any allegations or evidence that would substantiate the existence of CAFA jurisdiction based on the alleged amount in controversy, this Court should modify the Scheduling Order to allow CMB to obtain this discovery based on Plaintiffs' dilatory conduct.

**D.     Plaintiffs refuse to timely coordinate deposition dates.**

CMB requested dates for the end of February for deposition, even agreeing to take the depositions on certain non-putative class representative plaintiffs via Zoom as an accommodation.[3] Esser Decl. ¶3, Ex. A. Plaintiffs provided the weeks of March

---

[3] The Court previously ruled putative class representative depositions should occur in-person, in the Central District of California, except for the one putative class representative who resided in Florida and was required to travel to lead counsel's office in Florida.

11 and March 25,[4] nearly thirty days after the dates CMB requested. *Id*. Plaintiffs also informed Defendant that the deposition of Xue Dong Wu would need to take place on a weekend to accommodate his schedule, despite Ms. Wu being a named Plaintiff in this suit who ordinarily would be required to appear in person in where the suit is pending. CMB will be severely prejudiced by this delay, as the proposed dates place CMB squarely against the close of discovery. *Id*. CMB expects that it will uncover information requiring further investigation during these depositions, but the late dates proposed by Plaintiffs will prevent that. *Id*.

Accordingly, the late dates of availability for deposition constitute good cause for modifying the current Scheduling Order.

### E. Plaintiffs refuse to coordinate more than ten depositions.

Good cause exists to modify the Scheduling Order to allow for complete depositions of all Plaintiffs. There are eighty-eight remaining individual Plaintiffs, and, due to the extensive gaps in information received from Plaintiffs thus far in discovery, CMB expects that it will need to depose each of the remaining eighty-eight named Plaintiffs. Esser Decl. ¶9. Despite meet-and-confer attempts, Plaintiffs refuse to coordinate more than ten depositions. *See* Fed. R. Civ. Proc. R. 30(a)(2). *Id*. Given the delays in deposition scheduling, including Plaintiffs' and Plaintiffs' counsels' availability, the need to depose the outstanding eighty-eight Plaintiffs (and gain leave of court to do so, if necessary), is good cause in and of itself for modifying the Scheduling Order.

Additionally, in response to CMB's Summary Judgment Motion, Plaintiffs submitted for the first time, the Declarations of several Plaintiffs including the Declarations of: Fan Xiao, Jian Fan, Yunjing Guo, Qi Zhou, and Xinyang Zhang. [ECF 109]. But based on the timing of the current scheduling order, there is not

---

[4] CMB had already provided March 26, 27, and 28 as dates for three other witnesses in this case to be deposed in Dallas, Texas, so three dates in one week were already unavailable.

enough time to depose these Plaintiffs given the motion practice required as opposing counsel has indicated they intend to limit depositions in this case to ten. Consequently, CMB would be prejudiced in its ability to obtain critical fact discovery as to issues surrounding liability and damages before the current discovery cutoff.

## V. CONCLUSION

Given the foregoing, CMB has demonstrated good cause for modifying the current Scheduling Order — including bases which benefit Plaintiffs. CMB thus respectfully requests that the Court modify its Scheduling Order to the dates proposed in the Notice.

DATE: March 11, 2024

BRYAN M. LEIFER
MICHAEL K GRIMALDI
KENNETH J. JOYCE
STACY M. SCHWARTZ
NICHOLAS H. ESSER
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: *s/Nicholas H. Esser*
NICHOLAS H. ESSER
Attorneys for CMB EXPORT LLC, DEFENDANT

**L.R. 11-6.2. Certificate of Compliance**

The undersigned, counsel of record for Defendant, CMB Export LLC, certifies that this brief contains 3,414 words, which complies with the word limit of L.R. 11-6.1.

                        By: *s/Nicholas H. Esser*
                             NICHOLAS H. ESSER
                             Attorneys for CMB EXPORT LLC, DEFENDANT



**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2024, a true and correct copy of the foregoing **DEFENDANT CMB'S MOTION TO MODIFY SCHEDULING ORDER** was filed electronically with the Clerk of the Court using the CM/ECF System. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties listed on the CM/ECF System. Parties may access this filing through the Court's electronic filing system.

DATE: March 11, 2024

By: *s/Nicholas H. Esser*
NICHOLAS H. ESSER
Attorneys for CMB EXPORT LLC, DEFENDANT