LEWIS BRISBOIS BISGAARD & SMITH LLP
BRYAN M. LEIFER, SB# 265837
  E-Mail: Bryan.Leifer@lewisbrisbois.com
MICHAEL K GRIMALDI, SB# 280939
  Email: Michael.Grimaldi@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

KENNETH J. JOYCE, (admitted *pro hac vice*)
  E-Mail: Ken.Joyce@lewisbrisbois.com
STACY M. SCHWARTZ (admitted *pro hac vice*)
  E-Mail: Stacy.Schwartz@lewisbrisbois.com
NICHOLAS H. ESSER (admitted *pro hac vice*)
  E-Mail: Nicholas.Esser@lewisbrisbois.com
110 Southeast Sixth Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephoner 954-728-1280
Facsimile: 954-728-1282

Attorneys for DEFENDANT
CMB EXPORT LLC,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HUI CAI,, et al.<br><br>            Plaintiffs,<br><br>     vs.<br><br>CMB EXPORT LLC,<br><br>            Defendant. | Case No. 2:22-CV-02025 MWF (JPR)<br><br>**DECLARATION OF NICHOLAS H. ESSER IN SUPPORT OF CMB EXPORT LLC'S MOTION TO MODIFY SCHEDULING ORDER**<br><br>Discovery Cutoff:    April 5, 2024<br>Pretrial Conference: July 22, 2024<br>Trial Date:          Aug. 13, 2024 |

137446159.2

DECLARATION OF NICHOLAS H. ESSER IN SUPPORT OF
CMB EXPORT LLC'S MOTION TO MODIFY SCHEDULING ORDER

I, Nicholas H. Esser, declare as follows:

1. I am an attorney duly admitted to practice in the courts of the State of Florida, and properly admitted pro hac vice to the Central District of California. I am an attorney for Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendant CMB EXPORT LLC herein. The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2. On February 5, 2024 Plaintiffs served their Supplemental Disclosure. It does not mention punitive damages and contains additional theories of liability.

3. CMB deposed several of the ninety-four Plaintiffs in January. On February 12, 2024, CMB notified Plaintiffs it was seeking to depose Plaintiffs Na Li, Hemang Patel, and Xu Dong Wu via Zoom. CMB proposed February 20, 21, 22, and 29, 2024. A true and correct copy of this email chain is attached hereto as **Exhibit A**. Counsel for Plaintiffs responded two days later that the proposed dates would *not* work, and stated, "the weeks of March 11 and March 25 would work best." *Id.* On February 16, 2024, CMB informed Plaintiffs that these dates were unacceptable, due to ambiguities in the role each Plaintiff plays in the claims asserted, arising from Plaintiffs' failures to provide complete information through prior discovery. *Id.* CMB further informed Plaintiffs of the prejudice that would arise from this month-long delay given CMB would be deprived of the ability to use information derived from the depositions for pending motions. *Id.* Plaintiffs' counsel responded that, including due their own busy schedule, "Plaintiffs will not agree to extend the remaining deadlines in this action." *Id.*

4. On February 20, 2024, within an hour after Defendant filed its Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint, Plaintiffs' counsel sent an email seeking leave to amend the complaint to seek punitive damages. A true and correct copy of this email is attached hereto as **Exhibit B**.

5. Following a telephonic meet and confer regarding the same, on February 22, 2024, counsel for CMB sent an email to Plaintiffs' counsel proposing

1  extensions to the Scheduling Order's deadlines. Where mutually convenient, CMB
2  reiterated its willingness to take depositions by Zoom. On February 23, 2024,
3  Plaintiffs' counsel responded, "Plaintiffs will not stipulate to amending the
4  scheduling order." Plaintiffs' counsel further posited that, in light of Fed. R. Civ.
5  Proc. R. 30(a)(2)'s requirement that a party who wishes to depose more than ten
6  witnesses gain leave of court, Plaintiffs would only inquire into the availability of
7  "up to four specific plaintiffs[.]" A true and correct copy of this email chain is
8  attached hereto as **Exhibit C**.

9        6.     Plaintiffs are seeking to add punitive damages. Although CMB opposes
10 this, if Plaintiffs are allowed to amend, the Scheduling Order will certainly need to
11 be reset to allow for additional discovery. Written discovery is still ongoing,
12 including reviews of Plaintiffs' rolling productions.  Plaintiffs have produced
13 information via rolling productions. The most recent production was served March
14 7, 2024. Given the nature of their responses and rolling production, there are
15 numerous gaps in information for each Plaintiff. It is unclear whether the missing
16 documents do not exist, have not yet been produced, or are being withheld. These
17 rolling productions have pushed CMB up against discovery deadlines as it waits for
18 more complete information before deposing Plaintiffs.  CMB is attempting to
19 complete its review in good faith and has expended considerable time and resources
20 in its review; however, due to the expansive nature of the requests and the sheer
21 volume of documents, the review is not yet complete.  CMB has produced *one*
22 *hundred and six thousand three hundred and fifty one* (106,351) pages of discovery.

23       7.     Through written discovery -- including requests for production
24 interrogatories -- and depositions, CMB has inquired about damages; however,
25 Plaintiffs have failed to provide any responsive information regarding the same.
26 Plaintiffs have not provided a damages model or even provide categories of the
27 damages they seek. No deponent was able to provide any concept of how they were
28 damaged or what damages they are claiming, stating that information can be derived

1  from their accountant or expert. Yet, as it stands, expert disclosure is set for March
2  22, 2024, and the close of non-expert discovery is April 5, 2024. This leaves a mere
3  two weeks to attempt to obtain discovery from Plaintiffs regarding the factual bases
4  underlying any of the damages. Moreover, CMB's damages rebuttal expert is
5  unavailable on a preplanned family vacation from March 22 through March 28,
6  leaving CMB even less time. A true and correct copy of several excerpts regarding
7  Plaintiff-deponents' responses to deposition inquiry regarding their damages claims
8  is attached hereto as **Exhibit D**.

9      8.    CMB requested dates for the end of February for deposition, even
10 agreeing to take the depositions via Zoom so as to accommodate the deponents and
11 Plaintiffs' counsel.[1] Plaintiff responded with the week of March 11 and March 25 as
12 available, nearly thirty days after the dates CMB requested. CMB will be severely
13 prejudiced by this marked delay in discovery, as the proposed dates place CMB
14 squarely against the close of discovery. CMB expects that it will uncover
15 information requiring further investigation during these depositions, but the late
16 dates proposed by Plaintiffs will prevent that.

17     9.    There are eighty-eight remaining Plaintiffs, and, due to the extensive
18 gaps in information received from Plaintiffs thus far in discovery, CMB expects that
19 it will need to depose each of the remaining eighty-eight Plaintiffs. Despite meet and
20 confer attempts Plaintiffs refuse to coordinate more than ten depositions. *See* Fed. R.
21 Civ. Proc. R. 30(a)(2).

---

[1] The Court previously ruled these depositions may occur in-person, in California.



137446159.2      4

DECLARATION OF NICHOLAS H. ESSER IN SUPPORT OF
CMB EXPORT LLC'S MOTION TO MODIFY SCHEDULING ORDER

10. The following is a table of deadlines under the current Scheduling Order and proposed dates under a requested modified order.

| | | Current Date | Proposed Date |
|---|---|---|---|
| 1. | Non-expert Discovery Cut-off | April 5, 2024 | August 5, 2024 |
| 2. | Expert Disclosure (Initial) | March 22, 2024 | Unchanged |
| 3. | Expert Disclosure (Rebuttal) | April 12, 2024 | August 12, 2024 |
| 4. | Expert Discovery Cut-off | May 3, 2024 | September 2, 2024 |
| 5. | Last Day to Hear Motions | May 6, 2024 | September 6, 2024 |
| 6. | Last Day to Conduct ADR | May 24, 2024 | September 27, 2024 |
| 7. | File Memorandum of Contentions of Fact and Law, Exhibit and Witness Lists, Status Report regarding Disputed Instructions and Verdict Forms, and file oppositions | July 1, 2024 | November 1, 2024 |
| 8. | Lodge Pretrial Conference Order, File agreed set of Jury Instructions and Verdict forms, file statement regarding Disputed Instructions and Verdict Forms, and file oppositions | July 8, 2024 | November 8, 2024 |

9.  <u>Final Pretrial Conference and</u>   July 22, 2024         December 2024

    <u>Hearing on Motions in Limine</u>

    at 11 a.m.

10. <u>Trial Date (Est. 10 to 14 days)</u>  August 13, 2024       January 2025

    at 8:30 a.m.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 11th day of March, 2024, at Fort Lauderdale, Florida.

By: */s/ Nicholas Esser*
    Nicholas H. Esser

# CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2024, a true and correct copy of the foregoing **DECLARATION OF NICHOLAS H. ESSER IN SUPPORT OF CMB EXPORT LLC'S MOTION TO MODIFY SCHEDULING ORDER** was filed electronically with the Clerk of the Court using the CM/ECF System. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties listed on the CM/ECF System. Parties may access this filing through the Court's electronic filing system.

DATE: March 11, 2024

By: _s/Nicholas H. Esser_
NICHOLAS H. ESSER
Attorneys for CMB EXPORT LLC,
DEFENDANT

