# EXHIBIT A

**From:** Randolph Gaw
**Sent:** Friday, February 16, 2024 7:35:29 PM
**To:** Esser, Nicholas  Victor Meng  Mark Poe
**Cc:** Schwartz, Stacy  Joyce, Ken  Leifer, Bryan  Yun, Linda  Swain, Niki (Fort Lauderdale)
**Subject:** RE: [EXT] RE: CMB/Cai-Hui -- Deposition Dates
**Importance:** Normal
**Sensitivity:** None

---

Hi Nick,

I don't quite understand why you feel the dates are "not acceptable." By way of example, on January 23, I asked about deposition dates for Neal Lee and Pat Hogan. CMB did not offer any dates until February 9 (nearly 2.5 weeks later) and those dates were set for March 27-28, which are two weeks **later** than the first available week we've proposed for the three plaintiffs.

By contrast, you first asked for dates on February 12 and I responded only two days later with two proposed weeks. We've gone far above and beyond compared to CMB when it comes to deposition scheduling, even though we didn't have to. *See Heffernan v. City of Paterson*, 578 U.S. 266, 272 (2016) ("[I]n the law, what is sauce for the goose is normally sauce for the gander.").

Beyond that, trying to take a deposition on less than 14 days' notice is presumptively improper. Fed. R. Civ. 32(a)(5)(A). The plaintiffs have their own schedules and it is difficult to suddenly set aside 9 hours on short notice. Your proposed dates also conflict with my schedule. I am out of town all of next week on a family ski trip, and on February 29, I am preparing for a Ninth Circuit oral argument that will take place on March 5 (in addition to preparing Plaintiffs' reply brief in support of their motion for class certification).

Furthermore, none of these people are late-disclosed witnesses. They are all literally named plaintiffs who were among the first to sue. CMB has known about them since March 28, 2022. Even if the depositions somehow revealed new information, I note that Hemang Patel and Xue Dong Wu were not even mentioned during the depositions, and Na Li was first mentioned by Haipeng Liu on **January 23, 2024** in his deposition. There's no good reason for CMB to wait until February 12 to ask to take their depositions, and then blame us for not scheduling these depositions on extremely short notice.

As for CMB's desire to use these depositions in support of their MSJ, I note that no new evidence is allowed with a reply brief. *See Shayler v. MMWH Grp. LLC*, No. CV2010051MWFPVCX, 2022 WL 17080183, at *5 (C.D. Cal. Sept. 2, 2022) ("The rationale for disallowing new evidence and arguments in a reply brief are on full display here[.]"). Moreover, that's also the obvious risk associated with filing an early MSJ before discovery has closed.

So this is a long-winded way of saying that Plaintiffs will not agree to extend the remaining deadlines in this action.

Regarding your other questions, the main non-privileged WeChat communications extract was produced today. We're still trying to see if there are any others and/or figure out how to export them. Regarding the "tax returns," the examples you reference are selected excerpts from specific tax returns that are produced to demonstrate that plaintiff's "accredited investor" status. The tax return privilege is waived with respect to those specific excerpts as there was no other way to comply with the magistrate's order, but the tax return privilege is maintained with respect to any part of a tax return that was not produced.

Best,

**From:** Esser, Nicholas <Nicholas.Esser@lewisbrisbois.com>
**Sent:** Friday, February 16, 2024 2:48 PM
**To:** Randolph Gaw <rgaw@gawpoe.com>; Victor Meng <vmeng@gawpoe.com>; Mark Poe <mpoe@gawpoe.com>
**Cc:** Schwartz, Stacy <Stacy.Schwartz@lewisbrisbois.com>; Joyce, Ken <Ken.Joyce@lewisbrisbois.com>; Leifer, Bryan <Bryan.Leifer@lewisbrisbois.com>; Yun, Linda <Linda.Yun@lewisbrisbois.com>; Swain, Niki (Fort Lauderdale) <Niki.Swain@lewisbrisbois.com>
**Subject:** RE: [EXT] RE: CMB/Cai-Hui -- Deposition Dates

Good evening Randy,

The dates you have proposed for the requested witness are a month away or more and are not acceptable.

These three witnesses have been identified through the course of discovery, including the recent depositions, as containing critical information to the case. They are likely to provide necessary testimony relevant to the motions currently being briefed. Additional witnesses may yet still be identified from the testimony from these depositions. There are 94 Plaintiffs, and we are entitled to depose those that have information important to this action. The identity of the individuals on "steering committee" have not yet been released or identified, nor have the communications previously requested regarding the WeChat communications been produced. If you are unable to produce the witnesses, *via zoom*, for deposition at a much earlier date we will need you to stipulate to an extension of the remaining deadlines in this action, and potentially the trial. Defendant is entitled to depose them in Los Angeles, but is agreeing to take these depositions via zoom as an accommodation. Defendant will be prejudiced with the month-long delay in deposition schedule and inability to use these deposition for the pending motions.

The deadline for non-expert witness discovery is April 5, 2024 and the cutoff for expert discovery is May 3, 2024. The last day to hear motions is May 6, 2024. Trial is set to begin August 13, 2024.

On another matter, we have identified that the following documents seem to be tax returns for certain plaintiffs: PTLF-MEIXIAYANG314 - PLTF-MEIXIAYANG295; PLTF-DONGGANGW ANG656 - PLTF-DONGGANGWANG661; PLTF-YUHONGDUAN5; and PLTF-MEIXIAYANG294 - PLTF-MEIXIAYANG307. They are marked confidential, thus they were reviewed. Was this intentional produced as a waiver? Or were these documents produced as responsive to some other request?

Thank you and regards,



**Nicholas Esser**
**Attorney**
Nicholas.Esser@lewisbrisbois.com

**T: 954.302.4144 F: 954.678.4090**

110 S.E. 6th Street, Suite 2600, Fort Lauderdale, FL 33301 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Randolph Gaw <rgaw@gawpoe.com>
**Sent:** Wednesday, February 14, 2024 5:11 PM
**To:** Esser, Nicholas <Nicholas.Esser@lewisbrisbois.com>; Victor Meng <vmeng@gawpoe.com>; Mark Poe <mpoe@gawpoe.com>
**Cc:** Schwartz, Stacy <Stacy.Schwartz@lewisbrisbois.com>; Joyce, Ken <Ken.Joyce@lewisbrisbois.com>; Yun, Linda <Linda.Yun@lewisbrisbois.com>; Swain, Niki (Fort Lauderdale) <Niki.Swain@lewisbrisbois.com>
**Subject:** [EXT] RE: CMB/Cai-Hui -- Deposition Dates


Hi Nicholas,

We're still trying to get some specific dates from people, but none of the dates you've proposed below will work for us. Right now, the weeks of March 11 and March 25 would work best.

Also, for Xue Dong Wu, due to their child care responsibilities and the anticipated length of the deposition, their deposition would have to be on a weekend.

Xue Dong is on Eastern Standard time.  Hemang Patel and Na Li are on Pacific time.

Both Xue Dong and Na Li say they will need Chinese (Mandarin) translators.

Best,
Randy


**From:** Esser, Nicholas <Nicholas.Esser@lewisbrisbois.com>
**Sent:** Wednesday, February 14, 2024 11:58 AM
**To:** rgaw@gawpoe.com; Victor Meng <vmeng@gawpoe.com>; Mark Poe <mpoe@gawpoe.com>
**Cc:** Schwartz, Stacy <Stacy.Schwartz@lewisbrisbois.com>; Joyce, Ken <Ken.Joyce@lewisbrisbois.com>; Yun, Linda <Linda.Yun@lewisbrisbois.com>; Swain, Niki (Fort Lauderdale) <Niki.Swain@lewisbrisbois.com>
**Subject:** RE: CMB/Cai-Hui -- Deposition Dates

Good afternoon Randy,

I just wanted to follow up on the matter below.


Thank you and regards,



**Nicholas Esser**
Attorney
Nicholas.Esser@lewisbrisbois.com

**T:** 954.302.4144 **F:** 954.678.4090

110 S.E. 6th Street, Suite 2600, Fort Lauderdale, FL 33301 | LewisBrisbois.com

**Representing clients from coast to coast. View our locations nationwide.**



This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Esser, Nicholas <Nicholas.Esser@lewisbrisbois.com>
**Sent:** Monday, February 12, 2024 11:02 AM
**To:** rgaw@gawpoe.com; Victor Meng <vmeng@gawpoe.com>; Mark Poe <mpoe@gawpoe.com>
**Cc:** Schwartz, Stacy <Stacy.Schwartz@lewisbrisbois.com>; Joyce, Ken <Ken.Joyce@lewisbrisbois.com>; Yun, Linda <Linda.Yun@lewisbrisbois.com>; Swain, Niki (Fort Lauderdale) <Niki.Swain@lewisbrisbois.com>
**Subject:** CMB/Cai-Hui -- Deposition Dates

Good morning Randy,

Defendant is seeking to depose Plaintiffs Na Li, Hemang Patel, and Xu Dong Wu via Zoom. Please let us know if they are available February 20, 21, 22, 29.


Thank you and regards,

**Nicholas Esser**
**Attorney**
Nicholas.Esser@lewisbrisbois.com

**T: 954.302.4144 F: 954.678.4090**


110 S.E. 6th Street, Suite 2600, Fort Lauderdale, FL 33301 | LewisBrisbois.com

**Representing clients from coast to coast. View our locations nationwide.**



This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.