RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
MARK POE (S.B. #223714)
 mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
 vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

Attorneys for Plaintiffs
Hui Cai, et al.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUI CAI, et al. | Case No. 2:22-cv-02025 MWF (JPRx) |
| Plaintiffs, | **PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL** |
| v. | **[L.R. 79-5.2.2(a)]** |
| CMB EXPORT LLC | Judge:     Hon. Michael W. Fitzgerald |
| Defendant. | Court:     5A |

# NOTICE OF APPLICATION &
## APPLICATION FOR LEAVE TO FILE UNDER SEAL

PLEASE TAKE NOTICE THAT, pursuant to Local Rule 79-5.2.2(b), plaintiffs Hui Cai, et al., (collectively, "Plaintiffs") apply pursuant to Local Rule 79-5.2.2(a) for an order granting leave for Plaintiffs to file under seal (1) Exhibits 1-2 to the Declaration of Randolph Gaw ("Gaw Decl.") in support of Plaintiffs' Motion to Exclude Evidence, which are the cover page to Exhibit 252—a 220-page document introduced at the deposition of third-party David Ramm, taken on March 26, 2024— and excerpts of Mr. Ramm's deposition transcript that reference the contents of Exhibit 252, and (2) portions of Plaintiffs' Motion to Exclude Evidence that reference Exhibit 252 and Mr. Ramm's testimony.  This application is based on this Notice, the Application, and the Declaration of Victor Meng in support of the Application.

Plaintiffs make this Application **solely** because defendant CMB Export LLC ("CMB") has designated the information at issue "Confidential" under the Protective Order in this case, which obligates Plaintiffs to make this application.

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 597 (1978).  Thus, the Ninth Circuit "start[s] with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  The presumption is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).

Accordingly, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard."  *Id.* (holding that defendant "must demonstrate compelling reasons to

keep the documents [regarding plaintiffs' motion for preliminary injunction] under seal").  "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test."  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

"[T]he party seeking protection bears the burden of showing specific prejudice or harm will result," *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), and must make a "particularized showing . . . with respect to any individual document," *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); *Kamakana,* 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.").

Plaintiffs contest CMB's confidentiality designations because none of the information is even remotely close to constituting commercially sensitive information or trade secrets.  Plaintiffs articulate their reasons more fully in the accompanying Declaration of Victor Meng in support of this Application.

Pursuant to Local Rule 79-5.2.2(b), CMB has four days to file a declaration establishing that the designated materials are sealable.  If CMB fails to do so, the Court may deny this Application, and Plaintiffs will file Exhibits 1-2 to the Gaw Declaration and Plaintiffs' Motion to Exclude Evidence in the public record, within the timeframe contemplated by Local Rule 79-5.2.2(b).

Plaintiffs have met and conferred with CMB at least three days prior to the filing of this Application, in accordance with Local Rule 79-5.2.2(b).  This Application is supported by the accompanying Declaration of Victor Meng in Support of Application for Leave to File Under Seal, the Proposed Order, and related Certificate of Service.

1   Dated:  April 8, 2024       GAW | POE LLP

2                   By:_____

3                       Victor Meng

4                       Attorneys for Plaintiffs
Hui Cai, et al.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28