UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **22-2025-MWF (JPRx)**                              **Date:  April 9, 2024**
Title:      Hui Cai, et al. v. CMB Export LLC

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Amy Diaz |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER GRANTING PLAINTIFFS' MOTION FOR
LEAVE TO FILE THIRD AMENDED COMPLAINT
[121] AND DEFENDANT'S MOTION TO MODIFY
SCHEDULING ORDER [127]

Before the Court are two motions:

The first is Plaintiffs Hui Cai et al.'s Motion for Leave to File Third Amended
Complaint (the "Leave Motion"), filed on March 4, 2024.  (Docket No. 123).
Defendant CMB Export LLC's ("CMB") filed an Opposition on March 11, 2024.
(Docket No. 128).  Plaintiffs filed a Reply on March 13, 2024.  (Docket No. 134).

The second is Defendant's Motion to Modify Scheduling Order (the
"Modification Motion"), filed on March 11, 2024.  (Docket No. 127).  Plaintiffs filed
an Opposition on March 18, 2024.  (Docket No. 135).  Defendant filed a Reply on
March 25, 2024.  (Docket No. 139).

The Court has read and considered the papers on the motions and held a hearing
on **April 8, 2024**.

For the reasons discussed below, the Court rules as follows:

- The Leave Motion is **GRANTED**.  Plaintiffs have shown good cause to
  modify the Court's Order Re Jury Trial to permit filing of the Third
  Amended Complaint ("TAC").  Additionally, Defendant has not met its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  22-2025-MWF (JPRx)**                                    **Date:  April 9, 2024**
Title:        Hui Cai, et al. v. CMB Export LLC

burden of showing that the five factors articulated in *Foman v. Davis*, 371
U.S. 178, 182 (1962), weigh against granting leave to amend.

- The Modification Motion is also **GRANTED**.  The Court agrees with
  Defendant that the circumstances in this case weigh in favor of continuing the
  pre-trial and trial deadlines.

## I.    BACKGROUND

The Court previously summarized the facts of this action in its Order Regarding
Summary Judgment and Class Certification (the "Prior Order").  (Docket No.
146).  The Court incorporates by reference the Background section of the Prior Order
as if fully set forth herein and limits its recitation of the facts to those necessary for
context.

This action arises from an allegedly mismanaged limited partnership called
CBM Infrastructure Investment Group VII, L.P. ("Group VII").  Plaintiffs allege seven
claims: (1) breach of fiduciary duty – duty of loyalty; (2) breach of fiduciary duty –
duty of good faith and fair dealing; (3) breach of contract; (4) breach of the covenant of
good faith and fair dealing; (5) unjust enrichment; (6) injunctive relief; and (7)
declaratory relief.  (*See* Second Amended Complaint ("SAC") (Docket No. 104)).

In response to Plaintiffs' discovery requests served on January 13, 2023,
Defendant made three sets of document productions on January 11, 12, and 15, 2024.
(Leave Motion at 1; Leave Opp. at 5; Declaration of Victor Meng ("Meng Decl.")
(Docket No. 123-4) ¶¶ 2, 5).  The three productions consisted of 4,012 documents
totaling over 14,000 pages.  (Meng Decl. ¶ 5).

Based on information learned from the January 2024 document productions,
Plaintiffs now seek leave to file a TAC to request punitive damages for their breach of
fiduciary claims.  (Leave Motion at 1–3).  Separately, Defendant requests modification
of the Order Re Jury Trial (the "Scheduling Order" (Docket No. 48)) to allow more
time for discovery.  (Modification Motion at 5–7).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  22-2025-MWF (JPRx)**                         **Date:  April 9, 2024**
**Title:**      Hui Cai, et al. v. CMB Export LLC

## II.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 16(b) controls a party's ability to amend the pleadings where the scheduling order's deadline has expired before the party seeks leave to amend.  Fed. R. Civ. P. 16(b).  This procedural posture requires a party to first move to amend the scheduling order before it will be permitted to amend its pleadings. *Primerica Life Ins. Co. v. Rodriguez*, No. CV 11-7074-CAS (PLAx), 2012 WL 893486, at *1 (C.D. Cal. Mar. 14, 2012) ("[O]nce the scheduling order is in place, the court must modify the scheduling order to permit an amendment." (citations omitted)).

Pursuant to Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The Rule 16 "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.").  "A party, however, cannot show good cause if the party 'knew or should have known of the grounds for the claims the party sought to add well before the party moved for leave to amend.'" *RePET, Inc. v. Zhao*, EDCV 15-2315-VAP (SPx), 2017 WL 11444648, at *2 (C.D. Cal. Jan. 13, 2017) (citations omitted).

Assuming a party satisfies Rule 16's good cause standard, that party must still satisfy Rule 15.  Rule 15 requires that leave to amend "be freely given when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  The Supreme Court identified five factors a court should consider when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Of these, "the consideration of prejudice to the opposing party carries the greatest weight." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  22-2025-MWF (JPRx)**                    **Date:  April 9, 2024**
**Title:      Hui Cai, et al. v. CMB Export LLC**

(9th Cir. 2013) (quoting *Eminence Cap.*, 316 F.3d at 1052); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (indicating a court should explain reasons for denying leave to amend).  Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Eminence Cap.*, 316 F.3d at 1052.

The party opposing the amendment bears the burden of showing why leave should be denied, *Desert Protective Council v. U.S. Dep't of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (internal citation omitted), including the burden of establishing prejudice, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

## III.  **DISCUSSION**

### A.      **Leave Motion**

Plaintiffs request leave to file a TAC seeking punitive damages based on factual allegations discovered through documents produced in January 2024.  (Motion at 1). Although Plaintiffs do not explicitly address the threshold issue of whether good cause supports modification of the Scheduling Order, the Court will construe the Leave Motion as making arguments under both Rule 16 and Rule 15.  *See Oxy-Health, LLC v. H2 Enter., Inc.*, No. CV 18-4066-MWF (SSX), 2021 WL 6750804, at *3 (C.D. Cal. Nov. 15, 2021) ("Both parties failed to brief the issue of timeliness and modification of the Scheduling Order under Rule 16.  The Court will construe the Motion and its accompanying documents as argument on the good cause standard required to modify the Scheduling Order, particularly concerning the diligence of Plaintiff.").

Here, the Court concludes that the Rule 16 "good cause" standard is met. Defendant does not dispute that the documents underlying Plaintiffs' punitive damages claims were produced on January 11, 12, and 15, 2024 – well after the deadline to amend had already passed.  Plaintiffs were diligent in seeking leave to amend by filing this Motion on March 4, 2024, shortly after reviewing the produced documents, deposing Defendant's Rule 30(b)(6) witness about the documents on January 18, 2024,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  22-2025-MWF (JPRx)**                    **Date:  April 9, 2024**
Title:       Hui Cai, et al. v. CMB Export LLC

reviewing the deposition transcript on February 5, 2024, and fulfilling the meet and confer requirements under Local Rule 7-3.

Because Plaintiffs have shown good cause to modify the Scheduling Order, the Court turns its analysis to the Rule 15 factors.  Defendant contends that all five factors weigh against Plaintiffs' request.  (Leave Opp. at 3).  The Court addresses each in turn.

***Bad Faith***: An amendment is sought in bad faith when the moving party is merely "seeking to prolong litigation by adding new but baseless legal theories." *Sheila Sessions v. Prospect Funding Holdings LLC*, No. ED CV 16-02620 SJO (DTBx), 2017 WL 10543643, at *5 (C.D. Cal. Dec. 21, 2017) (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999)).  "[T]he party opposing amendment must offer evidence that shows a 'wrongful motive' on the part of the moving party." *Excela Creative, LLC v. Deal Segments, LLC*, No. CV 14-03326-MMM (PLAx), 2014 WL 12589653, at *7 (C.D. Cal. Dec. 5, 2014) (citing *DCD Programs, Ltd.*, 833 F.2d at 187).

Defendant argues that Plaintiffs' request is made in bad faith as evidenced by the timing of the Motion.  Specifically, Defendant points to the fact that the Motion was filed at this late stage of litigation and was raised with Defendant within an hour of filing its Answer to the SAC and after it had already deposed five Plaintiffs.  (Leave Opp. at 3–4).  Based on this circumstantial evidence alone, the Court cannot find that Defendant has met its burden of demonstrating bad faith.  In fact, much of Defendant's argument ignores the fact that the Motion is brought at this late stage as a result of ***Defendant's*** delayed production of relevant documents.  Nor does it appear that Plaintiffs are seeking to add baseless theories to prolong litigation.  In fact, Plaintiffs' proposed allegations only seeks additional relief based on the same theories that have consistently been alleged throughout this action.  Accordingly, this is not a case in which amendment is being sought in bad faith. *See Hamilton v. Marx*, No. CV 10-07278-JAK (CWx), 2012 WL 12882947, at *4 (C.D. Cal. July 24, 2012) ("Examples of such a wrongful motive are seeking leave to amend to destroy diversity by adding a defendant or forcing unnecessary expenses on the other side.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  22-2025-MWF (JPRx)                              Date:  April 9, 2024
Title:       Hui Cai, et al. v. CMB Export LLC

Defendant also contends that Plaintiffs' refusal to stipulate to an extension of pretrial and trial deadlines, which led to the filing of the Modification Motion, is further evidence of bad faith.  (*Id.* at 3).  However, there is no suggestion that Defendant also offered to stipulate to the filing of the TAC.  (*See* Declaration of Stacy M. Schwartz ("Schwartz Decl.") (Docket No. 128-1) ¶ 3, Ex. 2).  The Court thus cannot conclude that Plaintiffs' desire to avoid a four- to five-month delay as requested by Defendant is evidence of bad faith.  (*See id.*).

Accordingly, this factor weighs in favor of granting the Leave Motion.

***Undue Delay***:  A motion for leave to amend is unduly delayed if "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."  *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)).

Defendant argues that the Motion is unduly delayed as it was filed "more than one month after taking the corporate representative deposition and receiving the documents on which they claim to rely to seek punitive damages."  (Leave Opp. at 5–6).  The Court disagrees.

According to Plaintiffs, they had to comb through around 14,000 pages of documents after Defendant produced them in January 2024.  (*See* Leave Reply at 5–6).  Plaintiffs also had to prepare the Motion itself, draft the proposed TAC, and meet and confer with counsel as required under the Local Rules.  This occurred against the backdrop of several all-day depositions and substantive motion practice, including the Motion for Summary Judgment and Motion for Class Certification.  (*See* Docket Nos. 78, 85; *see also* Reply at 5).  Based on these circumstances, the Court concludes that Plaintiffs have provided sufficient justification for the delay.  Moreover, even if the Court were to take Defendant's argument at face value and conclude that the Motion is unduly delayed, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend."  *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  22-2025-MWF (JPRx)                    Date:  April 9, 2024
Title:      Hui Cai, et al. v. CMB Export LLC

Therefore, the Court concludes that this factor also weighs in favor of amendment.

***Prejudice***: A defendant must demonstrate that it would be "substantially prejudiced" to overcome the presumption in favor of leave to amend.  *See Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (citation omitted).  The typical situation where a defendant can establish substantial prejudice is where the motion for leave comes at a late stage of the action, such that the opposing party may not have sufficient time to explore an additional theory within the confines of the scheduling order or where the party has already expended significant resources exploring separate theories.  In other words, there is substantial prejudice where the claims sought to be added "would have ***greatly altered the nature of the litigation*** and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'"  *Pizana v. SanMedica Int'l LLC*, No. CV 18-00644-DAD (SKOx), 2022 WL 1241098, at *10 (E.D. Cal. Apr. 27, 2022) (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)) (emphasis added).

Defendant contends that it will face substantial prejudice because it will not be able to seek further discovery on the punitive damages claim since discovery closed on April 5, 2024.  (Leave Opp. at 7).  However, as discussed further below, this argument is mooted by the Court's granting of the Modification Motion.  Moreover, the addition of punitive damages relies on the same theories advanced throughout this litigation by Plaintiffs regarding Defendant's concealment of material information.  *See Underwood v. O'Reilly Auto Enterprises*, LLC, 342 F.R.D. 338, 344 (D. Nev. 2022) (noting that the proposed amendment was properly characterized as "adding more detail" to the claims already pled, rather than asserting new claims on new theories, which "further militate[d] against a finding of prejudice").

Accordingly, the Court finds that this factor weighs in favor of granting leave.

***Futility***: A motion is futile under Rule 15(a)(2) when "the court determines that the pleading could not possibly be cured by the allegation of other facts." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016) (internal quotations and citations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  22-2025-MWF (JPRx)**                    **Date:  April 9, 2024**
Title:        Hui Cai, et al. v. CMB Export LLC

omitted).  Defendant contends that amendment would be futile on several grounds, none of which the Court finds persuasive.

Defendant first contends that amendment would be futile because the new allegations fail to plead fraud with sufficient particularity as required under Rule 9. (Leave Opp. at 8–13).  But this argument is inapt because Plaintiffs' request for punitive damages arises out of the breach of fiduciary duty claims, not fraud.  (*See* TAC ¶¶ 145, 151).  California Civil Code section 3294(a) permits recovery of punitive damages "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."  Cal. Civ. Code § 3294(a).  "Fraud" in this context is defined as "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury."  Cal. Civ. Code § 3294(c)(3).  In such cases, "[p]laintiffs in federal court need only include a short and plain prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent."  *L.A. Unified Sch. Dist. v. S&W Atlas Iron & Metal Co.*, 506 F. Supp. 3d 1018, 1032 (C.D. Cal. 2020) (internal quotation marks and citation omitted).

Here, the TAC contains a short and plain prayer for punitive damages.  (*See* TAC at 28).  It also sufficiently alleges that Defendant breached their fiduciary duties by concealing material information from and making affirmative misrepresentations to the Group VII investors.  (*See id.* ¶¶ 145, 151).  The Court therefore concludes that the TAC contains allegations the federal pleading requirements of a "short and plain prayer for punitive damages" and the substantive requirements under section 3294(a). *See Alejandro v. ST Micro Elecs, Inc.*, 129 F. Supp. 3d 898, 918 (N.D. Cal. 2015) (finding similar allegations sufficient at the motion to dismiss stage).

Defendant next argues that Plaintiffs' punitive damages request is futile because they fail to state a claim.  Specifically, Defendant contends that the new allegations are not only time-barred but also arose after Plaintiffs agreed to the risk of losing their entire investment in Group VII.  (Leave Opp. at 9–10).  Defendant also avers that

---

**CIVIL MINUTES—GENERAL**                                                        **8**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  22-2025-MWF (JPRx)**                    **Date:  April 9, 2024**
Title:      Hui Cai, et al. v. CMB Export LLC

Plaintiffs' allegations are misleading, inaccurate, or incomplete.  (*Id.* at 10–13).  As an initial matter, Defendant's arguments challenge the merits of the proposed allegations, which are generally inappropriate until after the filing of the amended pleading.  *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").  More importantly, the Court already rejected the statute of limitations argument at summary judgment.  (*See* Prior Order at 12–13).

Finally, Defendant argues that Plaintiffs' request for punitive damages contradicts earlier assertions made by Plaintiffs' counsel that they "are not pursuing fraud."  (Leave Opp. at 13).  In so arguing, Defendant relies on representations made at a hearing before the Magistrate Judge regarding a discovery issue related to Plaintiffs' financial information prior to 2016.  The relevant portion of the transcript provides as follows:

> THE COURT: Well, they're asking -- they're asking in RFP No. 11 for documents that would have that sort of statement -- correspondence with CMB before investing.   Although, I don't understand why CMB wouldn't have that material already.
>
> MR. GAW: So, Your Honor, has hit one of the nails on the head.  A, they already would have these documents, if they existed, and, more specifically, they're asking for -- for 10 and 11, they're asking for documents seeking the reasons why they chose to invest in Group VII. I mean, there's no fraud claim here.  We're not saying that they induced us into investing into Group VII or that we have relied on anything --

(Docket No. 96 at 22–23).

The Court concludes that a fair reading of the hearing transcript does not suggest that Plaintiffs were disclaiming any and all fraud claims.  Rather, Plaintiffs' counsel appeared to disclaim any allegations that Defendant fraudulently induced Plaintiffs to sign the partnership agreement or invest in Group VII.  (*See id.* at 20–21).  Defendant's

---

**CIVIL MINUTES—GENERAL**                                                                 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  22-2025-MWF (JPRx)**                              **Date:  April 9, 2024**
Title:        Hui Cai, et al. v. CMB Export LLC

representation of the hearing transcript is therefore mistaken at best and flatly misleading at worst.

Accordingly, the Court concludes that this factor also weighs in favor of amendment.

***Prior Amendments***: "[A] district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint."  *DCD Programs, Ltd.*, 833 F.2d at 186 n.3 (internal quotation marks and citation omitted).

Defendant argues that the Court should deny leave to file the TAC because Plaintiffs already amended their complaint twice.  (Leave Opp. at 14).  But the Court declines to exercise its discretion here to deny the Leave Motion since (1) Plaintiffs were not in possession of the documents underlying their punitive damages claims when filing their FAC, and (2) the Court granted Plaintiffs leave to file their SAC solely to strike their allegations regarding adverse tax consequences.

In sum, the Court concludes that all five factors under Rule 15's liberal standard weigh in favor of granting leave.  Accordingly, the Leave Motion is **GRANTED**.

## B.      **Modification Motion**

Defendant seeks modification of the Scheduling Order to provide more time to complete discovery, conduct depositions, and issue an expert report.  Defendant cites several reasons in support of its requested relief, one of which is Plaintiffs' newly added request for punitive damages.  (Motion at 5–7).  Defendant also seeks additional time to obtain damages information from Plaintiffs, especially to address the question of whether Plaintiffs meet the amount-in-controversy requirement under the Class Action Fairness Act ("CAFA").  (*Id.* at 7–8).  Further, according to Defendant, Plaintiffs have refused to timely coordinate deposition dates and to allow the deposition of all 93 named Plaintiffs.  (*Id.* at 9–11).  Defendant therefore seeks to modify the following deadlines:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  22-2025-MWF (JPRx)**                    **Date:  April 9, 2024**
Title:       Hui Cai, et al. v. CMB Export LLC

|  | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Non-expert Discovery Cut-off | April 5, 2024 | August 5, 2024 |
| Expert Disclosure (Initial) | March 22, 2024 | March 22, 2024 (unchanged) |
| Expert Disclosure (Rebuttal) | April 12, 2024 | August 12, 2024 |
| Expert Discovery Cut-off | May 3, 2024 | September 2, 2024 |
| Last Day to Hear Motions | May 6, 2024 | September 6, 2024 |
| Last Day to Conduct ADR Proceeding | May 24, 2024 | September 27, 2024 |
| File Memorandum of Contentions of Fact and Law, Exhibit and Witness Lists, Status Report regarding settlement, and all Motions in Limine | July 1, 2024 | November 1, 2024 |
| Lodge Pretrial Conference Order, file agreed set of Jury Instructions and Verdict forms, file statement regarding Disputed Instructions and Verdict Forms, and file oppositions | July 8, 2024 | November 8, 2024 |
| Final Pretrial Conference and Hearing on Motions in Limine | July 22, 2024, at 11:00 a.m. | December 2024 |
| Trial Date | August 13, 2024, at 8:30 a.m. | January 2025 |

(Declaration of Nicholas H. Esser ("Esser Decl.") (Docket No. 127-1) ¶ 10).

A district court has "wide latitude in controlling discovery." *United States ex rel Army Athletic Ass'n v. Reliance Ins. Co.*, 799 F.2d 1382, 1387 (9th Cir. 1986).  In exercising this discretion, courts must consider several non-exhaustive factors:

(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the time parameters established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  22-2025-MWF (JPRx)**                    **Date:  April 9, 2024**
Title:       Hui Cai, et al. v. CMB Export LLC

the court; and (6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (citation omitted).

Here, the Court is generally persuaded by the arguments raised by Defendant and concludes that the six factors weigh in favor of modifying the Scheduling Order. However, as discussed further below, the Court declines to adopt the deadlines proposed by Defendant.

Under the first factor, trial is not imminent since it is scheduled for August 13, 2024 – about five months from the date of this Order.  *See AK Futures LLC v. Boyd Street Distro LLC*, No. 8:21-cv-01027-JVS (ADSx), 2022 WL 1843984, at *2 (C.D. Cal. Apr. 8, 2022) (finding that a trial that was two months away was "not imminent"). Accordingly, the first factor weighs in favor of modifying the scheduling order.

With respect to the second and third factors, Plaintiffs oppose the request on several grounds.  (*See generally* Modification Opp.).  However, none of these arguments suggests that Plaintiffs would be prejudiced by an extension of the remaining deadlines.  (*See id.*; *see also* Modification Reply at 2).  Therefore, the Court concludes that these factors weigh in favor of modification.

With respect to the fourth factor, the parties heavily dispute the issue of Defendant's diligence.  Indeed, the entire crux of Plaintiffs' argument is that Defendant has not been diligent.  (*See generally* Modification Opp.).  In so arguing, Plaintiffs cite several examples to illustrate this point.  In one such example, Plaintiffs point to the fact that Defendant waited until September 7, 2023 – about eight months after the Court issued the Scheduling Order – to issue its first set of discovery requests.  (*Id.* at 4).  Plaintiffs also note that Defendant did not seek to schedule depositions until November 2, 2023.  (*Id.* at 5).

In response, Defendant contends that Plaintiffs failed to identify their class representatives until November 2023.  (Modification Reply at 2).  Defendant also cites

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **22-2025-MWF (JPRx)**                     **Date:** **April 9, 2024**
Title:       Hui Cai, et al. v. CMB Export LLC

numerous examples of their diligence, as evidenced by their efforts in collecting and producing thousands of pages of documents since January 2023 and engaging in extensive motion practice throughout the history of this action. (*Id.*). Further, Defendant contends that it needs time to produce additional documents despite its efforts to produce. (*Id.* at 3–5).

The Court agrees that Defendant has been diligent in litigating this case, especially given its complexity and voluminous record. The Court is also persuaded by the fact that Defendant sought modification prior to the expiration of the relevant deadlines. As the Ninth Circuit has recognized, it is "significant" when a party is seeking to re-open discovery rather than extend the discovery deadline. *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1524 (9th Cir. 1990). "The difference [between the two types of requests] is considerable" because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline." *Id.*

Regarding the fifth factor, the Court agrees with Defendant that the need for additional discovery was not foreseeable when it issued the Scheduling Order. For example, Defendant avers that the length of time it has taken significantly longer to review, redact, and produce relevant documents. (Modification Reply at 4). Defendant also notes that there are now 93 named Plaintiffs in this action, compared to the 56 named Plaintiffs when the Scheduling Order was issued. (*Id.* at 6).

Finally, under the sixth factor, Plaintiffs contend that additional discovery will not lead to relevant evidence since Defendant is in possession of all relevant documents underlying their claims for punitive damages. (Modification Opp. at 11–12). While this may be true, an extension of the discovery deadlines may still result in the production of additional relevant documents from both sides. Indeed, Plaintiffs stand to benefit from an extension of the discovery deadlines since Defendant anticipates that it will produce at least one more round of documents. (Modification Reply at 3).

In addition to these six factors articulated by the Ninth Circuit, the Court is persuaded by the fact that, since the filing of the Modification Motion, the parties have

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  22-2025-MWF (JPRx)**                          **Date:  April 9, 2024**
Title:        Hui Cai, et al. v. CMB Export LLC

independently stipulated to an extension of the expert-disclosure deadlines.  (*See* Modification Reply at 8–9).  This suggests that modification of the Scheduling Order would benefit both parties and promote the just resolution of this action.  Further, granting the Modification Motion diminishes any prejudice that may result from granting the Leave Motion.

Although the Court was initially inclined to reject Defendant's request for a four- or five-month extension of the existing deadlines, the Court concludes that, at the hearing, Defendant provided sufficient reasons to justify its proposal.  The Court is especially persuaded by the fact that there is at least one pending motion before the Magistrate Judge requesting leave to take additional depositions.  (*See* Docket No. 143).  Accordingly, with some slight modifications to Defendant's proposed deadlines, the Modification Motion is **GRANTED**.

**IV.    CONCLUSION**

The Leave Motion and the Modification Motion are **GRANTED**.  Accordingly, the parties are **ORDERED** to meet the following deadlines:

| | |
|---|---|
| File TAC | April 12, 2024 |
| File Answer to TAC | April 26, 2024 |
| Non-expert Discovery Cut-off | July 29, 2024 |
| Expert Disclosure (Initial) | June 22, 2024 |
| Expert Disclosure (Rebuttal) | August 2, 2024 |
| Expert Discovery Cut-off | August 23, 2024 |
| Last Day to Hear Motions | August 26, 2024 |
| Last Day to Conduct ADR Proceeding | September 20, 2024 |
| File Memorandum of Contentions of Fact and Law, Exhibit and Witness Lists, Status Report regarding settlement, and all Motions in Limine | September 30, 2024 |
| Lodge Pretrial Conference Order, file agreed set of Jury Instructions and Verdict forms, file statement | October 7, 2024 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  22-2025-MWF (JPRx)**                 **Date:  April 9, 2024**
Title:       Hui Cai, et al. v. CMB Export LLC

| | |
|---|---|
| regarding Disputed Instructions and Verdict Forms, and file oppositions | |
| Final Pretrial Conference and Hearing on Motions in Limine | October 21, 2024, 11:00 a.m. |
| Jury Trial (Est. 10 to 14 days) | November 5, 2024, 8:30 a.m. |

A trial of **ten (10) Court days** or more requires prescreening of a jury panel.  No later than **six weeks prior to the Final Pretrial Conference**, counsel must file joint notice of the then current estimate for trial, including the number of hours for testimony.  (*See* Order Re Jury Trial at 2, 6).  Failure to timely file the notice may result in continuance of the trial to allow sufficient time for a jury panel to be prescreened.

IT IS SO ORDERED.