UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** 22-2025-MWF (JPRx) | **Date:** May 1, 2024 |
| **Title:** Hui Cai, et al. v. CMB Export LLC | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                      Court Reporter:
Rita Sanchez                       Amy Diaz

Attorneys Present for Plaintiffs:  Attorneys Present for Defendant:
None Present                       None Present

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFFS' APPLICATION TO SEAL [148] AND DENYING PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE [150]; ORDER TO SHOW CAUSE

Before the Court is Plaintiffs Hui Cai et al.'s Motion to Exclude Evidence (the "Motion"), filed on March 8, 2024.  (Docket No. 150).  Defendant CMB Export LLC filed an Opposition on April 15, 2024.  (Docket No. 157).  Plaintiffs filed a Reply on April 22, 2024.  (Docket No. 163).

The Motion was noticed to be heard on **May 6, 2024**.  The Court has read and considered the papers on the Motion and deems the matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing is therefore **VACATED** and removed from the Court's calendar.

The Motion is **DENIED** because any prejudice to Plaintiffs may be cured by additional discovery.

## I.     APPLICATION TO SEAL

With the Motion, Plaintiffs filed an Application to Seal (the "Application"), which seeks to seal information regarding a third-party loan document referenced in (1) portions of the Motion, and (2) Exhibits 1 and 2 in support of the Motion.  (Docket No. 148 at 1).  Defendant does not oppose the Application.

---

**CIVIL MINUTES—GENERAL**                                                     1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** 22-2025-MWF (JPRx) | **Date:** May 1, 2024 |
| **Title:** Hui Cai, et al. v. CMB Export LLC | |

"In this circuit, we start with a strong presumption in favor of access to court records. The common law right of access, however, is not absolute and can be overridden[.]" *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citations omitted). While a party seeking to seal documents attached to dispositive motions (or motions that are more than tangentially related to the merits) must show "compelling reasons" for doing so, a party seeking to seal documents attached to non-dispositive motions must only demonstrate "good cause." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016) (instructing that the compelling reasons standard applies where "the motion at issue is more than tangentially related to the underlying cause of action"); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in non-dispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal.").

Here, the good cause standard applies since the Motion raises a discovery dispute between the parties that is only tangentially related to the merits. Under the good cause standard, the Application is **GRANTED** for the same reasons noted in the Order Regarding Summary Judgment and Class Certification (the "MSJ Order"). (*See* Docket No. 146 at 3).

## II. BACKGROUND

The Court previously summarized the facts of this action in its MSJ Order. The Court incorporates by reference the Background section of the MSJ Order as if fully set forth herein and limits its recitation of the facts to those necessary for context.

This action arises from an allegedly mismanaged limited partnership called CBM Infrastructure Investment Group VII, L.P. ("Group VII") regarding a $90 million loan investment to fund the Ivanpah solar generating facility (the "Ivanpah Project"). Based on their allegations, Plaintiffs seek five claims for relief: (1) breach of fiduciary duty – duty of loyalty; (2) breach of fiduciary duty – duty of good faith and fair dealing; (3) breach of contract; (4) breach of the covenant of good faith and fair

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. 22-2025-MWF (JPRx) | Date: May 1, 2024 |
| Title: Hui Cai, et al. v. CMB Export LLC | |

dealing; and (5) unjust enrichment. (*See* Third Amended Complaint ("TAC") (Docket No. 155)).

On April 9, 2024, the Court granted Plaintiffs' Motion for Leave to File the TAC and Defendant's Motion to Modify the Scheduling Order (the "Scheduling Order"). (Docket No. 154). Under the Scheduling Order, the deadline for non-expert discovery is July 29, 2024, and trial is set for November 5, 2024. (Scheduling Order at 14–15).

## III. DISCUSSION

Plaintiffs request that the Court preclude Defendant from using the deposition testimony of David Ramm regarding a loan agreement between the Department of Energy and the project entity regarding the Ivanpah Project (the "DOE Loan Agreement"). (Motion at i). Plaintiffs contend that Defendant never identified the DOE Loan Agreement in its initial disclosures and failed to produce the document until Mr. Ramm's deposition on March 26, 2024. (*Id.* at 1–2). According to Plaintiffs, Defendants withheld the DOE Loan Agreement to "hinder Plaintiffs' counsel's ability to cross-examine Mr. Ramm on the fly about a complex, 220-page loan agreement that he had never seen before." (*Id.* at 2).

Courts are "invested with inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Tel. Emps. Credit Union*, 87 F.3d 1537, 1557 (9th Cir. 1996) (quoting *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992)). This includes the power to exclude witnesses from testifying at trial. *Id.* "When deciding to exclude testimony, a court should consider" four factors: (1) whether the party against whom the witness would be testifying would be prejudiced or surprised by the witness' testimony; (2) "the ability of that party to cure the prejudice"; (3) the extent to which exclusion "would disrupt the orderly and efficient trial of the case"; and (4) whether the party who wishes to present the witness acted in "bad faith or willfully failed to comply with the court's order." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1139–40 (9th Cir. 2006). This test has typically been applied when a party has failed to disclose a witness altogether in pretrial filings. *See, e.g., id.*; *Bonin v. Calderon*, 59 F.3d 815, 828 (9th Cir. 1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** 22-2025-MWF (JPRx) | **Date:** May 1, 2024 |
| **Title:** Hui Cai, et al. v. CMB Export LLC | |

Applying these factors, the Court declines to exclude Mr. Ramm's testimony regarding the DOE Loan Agreement. Most significantly, any prejudice to Plaintiffs can be cured by seeking additional discovery and conducting another deposition of Mr. Ramm. Indeed, there is plenty of time for Plaintiffs to do so since the deadline for fact discovery is set for July 29, 2024. (*See* Scheduling Order at 14).

To the extent that Plaintiffs seek an evidentiary sanction, that request is also denied. Rule 26 requires a party to provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). When a party violates Rule 26(a), the Court may exclude evidence or impose alternative sanctions that it deems appropriate, unless the failure to provide information "was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1)(C); *see also Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) ("[T]he automatic nature of the rule's application does not mean that a district court *must* exclude evidence that runs afoul of Rule 26(a)."); *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 652, 655 (C.D. Cal. 2007) (concluding that any prejudice could be addressed by various remedies other than the extremely harsh remedy of exclusion).

Because Plaintiffs now have access to the DOE Loan Agreement and are aware of Defendant's intent to use the document, the Court concludes that an alternative sanction – less harsh than exclusion – is appropriate. For instance, the Court could mitigate Plaintiffs' harm by permitting Plaintiffs to conduct a supplemental deposition of Mr. Ramm at Defendant's expense. *See Rago v. Select Comfort Retail Corp.*, No. ED CV 19-2291-FMO (SPx), 2020 WL 8611033, at *6 (C.D. Cal. Dec. 9, 2020) (declining to impose evidentiary sanctions because the dispute could "more equitably be resolved by conducting a supplemental deposition . . . at plaintiff's expense"); *Bonzani v. Shineski*, No. 2:11–cv–0007–EFB, 2014 WL 66529, at *5 (E.D. Cal. Jan. 8, 2014) (holding that the issue could "more equitably be resolved by permitting defendants to conduct the very discovery they otherwise would have performed to provide them an opportunity to gather rebuttal evidence relating to plaintiff's claim").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  22-2025-MWF (JPRx) | Date:  May 1, 2024 |
| Title:    Hui Cai, et al. v. CMB Export LLC | |

In response, Plaintiffs argue that the prejudice is not curable for two reasons, neither of which the Court finds persuasive.  Plaintiffs first contend that the prejudice cannot be cured because "Mr. Ramm has already been deposed and Plaintiffs would need a court order for a second deposition."  (Reply at 3 (citing Fed. R. Civ. P. 30(a)(2)(A)(ii))).  However, to the extent Plaintiffs implicitly seek leave to depose Mr. Ramm for the limited purpose of questioning him about the DOE Loan Agreement, that request is **GRANTED**.  *See* Fed. R. Civ. P. 26(b)(1)–(2).

Plaintiffs also contend that they would need to issue and enforce compliance with a subpoena since Mr. Ramm resides outside of this District.  (*Id.*).  But, as already discussed, the Court can order Defendant to pay for any expenses arising from the issuance and enforcement of a subpoena.  *See Rago*, 2020 WL 8611033, at *6.

Accordingly, the Motion is **DENIED** *without prejudice*.

## IV.   CONCLUSION

For the foregoing reasons, the Motion is **DENIED** *without prejudice*.  The parties are **ORDERED** to meet and confer on a mutually convenient date for Plaintiffs' further deposition of Mr. Ramm before the discovery cutoff.  Because Defendant's conduct gave rise to this dispute, Defendant is **ORDERED** to pay for the reasonable costs of issuing and enforcing a subpoena to the extent one is deemed to be necessary.

Additionally, as noted in the MSJ Order, Defendant is **ORDERED TO SHOW CAUSE**, in writing, by **May 20, 2024**, why sealing of third-party documents should be maintained.  Plaintiffs shall file a reply, if any, by **May 27, 2024**.  No hearing will be held unless the Court specifically determines otherwise.

IT IS SO ORDERED.